## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. OESCHLE and<br>MARYANN T. OESCHLE | : | CIVIL ACTION<br>NO. 03-CV-6875-RBS |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| PRO-TECH POWER, INC. | : | |
| And | : | |
| P&F BROTHER INDUSTRIAL CORP. | : | |
| | : | |
| Defendants | : | |
| | : | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO
### DEFENDANT P&F BROTHER INDUSTRIAL CORPORATION

Pursuant to the applicable Rules of Civil Procedure, Plaintiff(s) hereby propound to Defendant P&F Brother Industrial Corporation the following Interrogatories to be answered under oath. These Interrogatories shall be deemed continuing so as to require the filing of prompt supplemental Answers if the Defendant obtains further relevant information between the time the Answers are served and the time of trial. Each Interrogatory is to be answered separately and as completely as possible.

### INSTRUCTIONS

These interrogatories are continuing in nature and any information secured after you answer these interrogatories, which should have been included with your answers at the time they were given, shall be promptly supplied by filing supplemental responses to the interrogatories. These interrogatories seek all information possessed by you or anyone acting on your behalf.

If you or your attorney have any objections to these interrogatories, these objections

should be stated completely in the space provided.  If any form of privilege or other protection

from disclosure is claimed as a ground for withholding requested information, set forth each and

every fact or basis upon which you claim your privilege, with sufficient specificity to permit the

Court to make a valid determination as to whether the claim of privilege is valid.

If you object to an interrogatory because you claim that it is unreasonably broad,

overbroad, outside the scope of discovery, or for other related reasons, you are instructed to

respond to the interrogatory as narrowed to conform to your objection within the period allowed

for this response.

## **<u>DEFINITIONS</u>**

A.   The term "the product" as used hereinafter in these Interrogatories shall mean the product which Plaintiff claims allegedly caused injury to Plaintiff and believed to be a Pro-Tech Model 7208-Type II 10 inch compound miter saw, serial No. 9911P1452 or as described in Plaintiffs' complaint.

B.   The term "similar products" as used hereinafter in these Interrogatories shall mean products other than "the products which are essentially and substantially similar to the product" with regard to design specifications, material composition, make and model and which were either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained or in any way handled by the Defendant.

C.   The term "comparable products" as used hereinafter in these Interrogatories shall mean products other than "the product" or "similar products" which have likeness as to design, specifications, dimensions or material composition or have the same general uses as "the product" or "similar products."

D.   The term "model type product" or "model type" as used hereinafter in these Interrogatories shall mean "the product," and/or products of the same model or model line or model type.

E.   "You" and "your" include those individual(s) acting on your behalf.

F.   The word "identify" as used in reference to individual(s) means to set forth his or her full name, his or her present or last known business or home address and his or her position and title, if employed by Defendant and his or her race or sex.

G.   The word "identify" as used in connection with a "document" or "documents" means to state the following:

(a)     The date;

(b)     the identity of its author(s);

(c)     the identity of the individual(s) to whom it was addressed;

(d)     the format of the document(s);

(e)     the title;

(f)     the number of pages;

(g)     the identity of the individual(s) known or believed to have custody of each copy of the documents having notations unique to such copy; and

(h)     a detailed description of the substance of the document.

H.    The words "you" or "your company" mean the corporate Defendant separately answering these Interrogatories, its parent(s), its merged, consolidated, or acquired predecessors, former officers, directors, agents, employees and all other persons acting or purporting to act on behalf of the corporate Defendant or its predecessors, subsidiaries and/or affiliates. "Predecessor(s)" means any business, firm, whether or not incorporated, which had all or some of its assets purchased by you or came to be acquired by you whether by merger, consolidation or otherwise. "Successor(s)" means any business firm, whether or not incorporated, which purchased all or some of your assets or which acquired you or any of your predecessors, whether by merger, consolidation or otherwise.

I.  The term "document" shall mean every writing or record of any type and description that is or has been  in the possession, control and/or custody of the Defendant or of which the Defendant has knowledge of, including, but not limited to, all operation, parts, service manuals, blueprints, service reports, publications, surveys, minutes or statistical compilations and every similar document however denominated by the Defendant.  This term shall also include any photographic, filmed and computer-based matter.

## INTERROGATORIES

1.    Please set forth the name, address, job classification and full title of the person answering these Interrogatories and state what best qualifies that person to answer them.

2. Identify all policies of insurance in effect at the time of Plaintiff's injury one or more by or through which you are, or were insured, in any manner or to any extent, with primary or excess coverage, with respect to any of the claims, causes of action, injuries or damages alleged or claimed against you in this action.

3. Identify each and every witness you intend to call at trial and describe the anticipated content of his or her testimony.

4. With regard to the product, please identify it fully and in detail, including the generic name, the brand name, the serial number, the model number, the identity of persons or entities selling or supplying the product, the year in which the product was manufactured, date the product was first designed, date the product was first manufactured, place of manufacture, date of sale, and the identity of the persons or entities designing the product.

5. Identify each and every document and person related to and involved in any investigation, study or test of the product.

6. If you expect to contend that the condition of the product was changed or altered in any way that would affect your liability after said product left your possession, control and custody before the accident complained of occurred, then describe in detail what you contend said change, alteration or modification consisted of, and when and by whom this change or alteration was made.

7.   Specify with particularity every safety precaution or procedure you allege that Plaintiff could have taken which would have avoided the accident in question.

8.   If you had any knowledge of the potential of any alleged blade guard on the model type product to stick, and/or hang up or otherwise not fully cover the blade at all times of operation, state when and how you first learned of this potential or possibility, and what action or actions, if any, you took to remove, repair or correct this design or condition before to the date of Plaintiff's accident.

9.   Describe in complete detail any and all safeguards (safety devices) which were incorporated into the design or the manufacture of the subject product for the protection of persons using it.

10.   Set forth the title and description of any and all standards, codes, governmental or trade regulations which were actually used, followed or referred to by you in planning, designing and/or manufacturing the subject product.

11.   Identify and describe all incidents, accidents or injuries to anyone other than the Plaintiff who claimed to have been injured in the use of this model type product as a result of any alleged lack of proper safety design.

12.     Identify all statements you obtained from any person concerning this action or its subject matter.

13.     Identify all patents, trademarks and trade names related to the product.

14.     Identify any and all components of any alleged blade breaking system on the subject product. Provide an itemization by part number or diagram of these components. Please attach all copies of any documents referenced with regard to this answer.

15.     State fully all warranties and guarantees that were given with this product, including all documents which set forth or depict those warranties or guarantees, how each warranty or guarantee was promulgated, packaged or displayed, and whether the purchaser of the subject product registered or returned said warranty or guarantee document.

16.     Describe all efforts you made to identify the risk of injury likely to be associated with the use of the model type product, and include the name(s), address(es), job title(s) and relationship(s) to you of the person(s) who performed these activities.

17.     Identify all manufactures, assemblers, wholesalers and retailers involved in the distribution of the subject product and identify fully all parties known by Defendant to have been involved in the chain of distribution of the product.

18.    Identify the person or engineer or other person on your staff or others who is most familiar with the design of the product.

19.    Identify all blueprints and other documents generated in connection with the design of subject product. Provide copies of same.

20.    Identify, with particularity, all alternative designs considered or rejected by the Defendant with respect to this product, setting forth the dates of consideration or rejection.

21.    Identify all individuals and entities known to have participated in the design of model type product.

22.    Identify fully all modifications or alterations to this model type product from the date this model was first manufactured to the present, stating for each modification its purpose and effect, who prepared and designed the modification or alteration, the date of change or alteration; and an exact description of the change or alteration including the procedure by which the change or alteration was accomplished. Provide copies of any and all engineering change notices ("ECN") and/or similar documents referencing design changes to the subject model product.

23.     If Defendant has ever sold a similar type product equipped with a guarding device different from that found on the product allegedly involved in this case, describe in detail the type of different guarding used.

24.     If the model type product has been replaced by a new and different model type product, state the model number for this new model type product and describe any different guarding devices with which it comes equipped.

25.     Identify the name of the person(s) or employee(s) of Defendant in charge of product safety, quality control, product review, safety department, claims department or their functional equivalents at the time the product in question was designed and manufactured and at the time of Plaintiff's accident and describe with specificity his/her/their job duties and responsibilities.

26.     Have you any officers, subsidiaries, affiliates, warehouses, equipment, products or material located in Pennsylvania?

        If so, state the name of said offices, subsidiaries, affiliates, warehouses, equipment, products or material and their respective addresses.

27.     Do you receive or send any merchandise, equipment, supplies, financial data (checks and/or financial documents) or other products from or to any firm in Pennsylvania?

        If so, state the name and address of each firm in Pennsylvania and whether you received or sent the above described materials.

28.     Have you sold, leased or distributed any products, similar products, comparable products

or another other type of products to firms, businesses, companies and/or individuals in Pennsylvania?

If so, state the name and address of each customer which has leased, purchased, rented and/or acquired any of the above-referenced products from you since 1990.

29.   Have you sold any products, similar products, comparable products and/or any other products to persons, businesses, firms, trade laborers in Pennsylvania?

If so, please state the name and address of each person, firm or business in Pennsylvania to which you sold any of the above described products and identify the year of the transaction(s).

30.   Do you have any offices, subsidiaries, affiliates or warehouses that sell to, lease or provide services and/or products to firms, businesses located in Pennsylvania?

If so, state the name and address of said offices, subsidiaries, affiliates or warehouses.

31.   Have you sold, leased or serviced any products or equipments to any accounts that sell this type of equipment in Pennsylvania?

If so, state the name and address of each such customer which has bought or leased such equipment from you since 1990.

32.   Have you sold, leased or serviced any products or equipment to any accounts whose headquarters are located in Pennsylvania?

If so, state the name and address of each such customer which has bought or leased products or equipment from you since 1990.

33.   Have you sold any parts or replacement parts to persons or firms within Pennsylvania?

      If so, state the name and address of each such customer which has bought replacement parts from you since 1990.

34.   State by customer order, date of transaction and description of product of all products that you have sold to businesses, customers, building trades and/or individuals with an office located in Pennsylvania.

35.   State by customer order, date of transaction and description of product of all products that you have sold were shipped to businesses, customers, building trades and/or individuals where the products were to be used in Pennsylvania.

GALFAND BERGER, LLP

BY:   _____
      ARTHUR L. BUGAY, ESQUIRE
      Attorney for Plaintiffs
      Identification No.: 62251
      1818 Market Street, Suite 2300
      Philadelphia, PA 19103
      (215) 665-1600

## CERTIFICATE OF SERVICE

I, ARTHUR L. BUGAY, do hereby certify that service of a true and correct copy of the within

Plaintiff(s) Interrogatories Directed to Defendant P&F Brother Industrial. was made on May 23, 2005

to counsel listed below, by United States Mail, postage pre-paid.

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

GALFAND BERGER, LLP

BY: _____
ARTHUR L. BUGAY, ESQUIRE
Attorney for Plaintiffs
Identification No.: 62251
1818 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 665-1600

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. OESCHLE and              :        CIVIL ACTION
MARYANN T. OESCHLE                  :        NO. 03-CV-6875-RBS
                                    :
      Plaintiffs                  :
                                    :
      vs.                         :
                                    :
PRO-TECH POWER, INC.                :
     And                         :
P&F BROTHER INDUSTRIAL CORP.        :
                                    :
      Defendants                  :
                                    :

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO DEFENDANT P&F BROTHER INDUSTRIAL CORPORATION

Pursuant to the applicable Rules of Civil Procedure, Defendant is hereby requested to produce for inspection and copying the following documents and things at the office of Galfand Berger, LLP, 1818 Market Street, 23rd Floor, Philadelphia, Pennsylvania, 19103, within thirty (30) days of the date of service hereof and supplemented thereafter in accordance with the Rules.

## INSTRUCTIONS

These documents requests are continuing in nature and any information secured after you produce these documents, which should have been included with these documents at the time these documents were produced, shall be promptly supplied by filing supplemental responses to the production of documents.  These document requests seek all documents possessed by you or anyone acting on your behalf.

If you or your attorney have any objections to these document requests, these objections

1

should be stated completely in the space provided.  If any form of privilege or other protection

from disclosure is claimed as a ground for withholding a document requested to be produced, set

forth with respect to the document requested, the date, title, the identity of its author, subject

matter (without revealing the information for which the privilege is claimed) and each and every

fact or basis upon which you claim your privilege, with sufficient specificity to permit the Court

to make a valid determination as to whether the claim of privilege is valid.

      If you object to a document request because you claim that the request is unreasonably

broad, overbroad, outside the scope of discovery, or for other related reasons, you are instructed

to respond to the document request as narrowed to conform to your objection within the period

allowed for this response.

## **DEFINITIONS**

1.    The term "document" shall mean every writing or record of any type and description that is or has been in the possession, control, custody of the Defendant or of which the Defendant has knowledge of, including, but not limited to all correspondence, memoranda, stenographic or handwritten notes, operations, parts and service manuals, blueprints, service reports, publications, surveys, minutes or statistical compilations, and every similar documents however denominated by the Defendant.  The term shall also include any graphic, magnetic, photographed, filmed and computer-based matter.

2.    The term "the product" as used hereinafter in the Request for Production of Documents shall mean the product which Plaintiff claims allegedly caused injury to him and identified as a Pro-Tech Model 7208-Type II 10 inch compound miter saw, serial No. 9911P1452.

3.    The term "model type product" or "model type" as used hereinafter in these Interrogatories shall mean "the product," and/or products of the same model or model line or model type.

4.    If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document requested to be produced, set forth with respect to the document the date, title, identity of author, subject matter (without revealing the information for which a privilege is claimed) and each and every fact or basis on which you claim your privilege, with sufficient specificity to permit the Court to make a valid determination as to whether

the claim of privilege is valid.

5.   If any document requested is objected to on grounds of overbreadth, you are instructed to respond to the document request as narrowed to conform to your objection within the period allowed for a response.

6.   The time period for requested documents is from the date of the first proto-type design for products of the same model type as the product at issue to the present.

## REQUEST FOR PRODUCTION

1.   All documents identified in Defendant's Answers to Plaintiff's Interrogatories.

2.   All documents the identity of which was requested in Plaintiff's Interrogatories.

3.   All documents upon which Defendant has relied in answer to Plaintiff's Interrogatories.

4.   The entire claim and investigation file or files, including but not limited to all insurance policies of the Defendant (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or representing the strategy or tactics or privileged communication from counsel).

5.   Any and all statements concerning this accident and/or its subject matter previously made by any party or witness.  The statements referenced here are defined by the applicable Rules of Civil Procedure.

6.   Any and all photographs, movies, slides, videotapes (instructional, promotional, testing or otherwise) and/or other visual depictions of the type of product involved in this accident or the area of the accident or the specific product involved in this accident or any other matter, including the parties themselves, related to or involved in this matter.

7.   Any and all documents, including, but not limited to correspondence, memoranda, reports or any other type of written material containing the names, home and business addresses of all individuals contacted or which you intend to contact as potential witnesses.

8.   Any and all reports by any and all experts contacted by you who are expected to testify at trial.

9.  Copies or original design drawings, blueprints and other design documents relating to the product.

10. Copies of the service manual, parts manual, owner's manual and any other manuals pertaining to this product or model type product.

11. All documents containing or reflecting the issuance of any warnings or instructions either as to the use or maintenance of said product.

12. All documents containing or reflecting the issuance of any warnings or instructions either as to the use or maintenance of said product.

13. Copies of any advertising brochures, product inserts, promotional literature, etc., relating to said product or model type product issued by or on behalf of the Defendant.

14. All documents reflecting the conduct and the results of any investigation, inspection or examination, either of said product or of said incident, conducted by or on behalf of the Defendant.

15. All documents reflecting the conduct and the results of any investigation, inspection or examination, either of said product or of said incident, conducted by or on behalf of some entity other than the Defendant.

16. All documents reflecting any change in the condition of said product subsequent to the time it left the Defendant's possession.

17. Copies of any and all standards, codes, regulations and all other literature identified by Defendant in answer to the Interrogatories or which Defendant contends or admits are applicable to the design and development or distribution of said product.

18. All sales and other distribution documents associated with the product, including receipts, invoices.

4

19. All maintenance, inspection and other service records pertaining to this product.

20. Complete product history for the model type product, including date of original design and dates of manufacture.

21. All pamphlets, brochures, literature or other documents describing or depicting optional equipment available for said model type product.

22. A copy of all written or printed warnings or instructions on said model type product.

23. A copy of Defendant's corporate organizational structure chart for the sale/supply of technical service, and equipment service and support for this product.

24. Any and all brochures, operator's manuals, parts manuals, service manuals, instruction manuals or any other documentation that Defendant provided to Plaintiff's employer pertaining to the product.

25. A copy of any and all purchase orders, telephone messages, requisitions, letters, correspondence that Defendant received from Plaintiff's employer with regard to the sale/supplying of the product or same model type acquired by said entity or individual from Defendant.

26. Any and all indexes to engineering drawings and/or engineering documents including but not limited to engineering orders, change orders, revision orders and work orders for the product and/or model type products.

27. Copies of any and all test results and methodologies therefor, inspection results and methodologies therefor, studies, reports, and all other documents and materials pertaining thereto, including but not limited to interoffice and intracorporate memoranda and correspondence, concerning design aspects and features intended to prevent injury to users of the product, for the product and/or model type products.

28. Copies of any and all instructions, instruction manuals, operator manuals, and all such documents and materials, and all documents and materials relating to the preparation thereof, including but not limited to interoffice and intracorporate memoranda and correspondence, for all products of the same model type.

29. Copies of any and all test results and methodologies therefor, inspection results and methodologies therefor, studies, reports, and all other documents and materials pertaining thereto, including but not limited to interoffice and intracorporate memoranda and correspondence, concerning guarding devices on the product or model type product.

30. Copies of any and all test results and methodologies therefor, inspection results and methodologies therefor, studies, reports, and all other documents and material pertaining thereto, including but not limited to interoffice and intracorporate memoranda and correspondence, concerning designs to improve the model type product's ability to protect users from injuries caused by the blade.

31. Copies of any and all test results and methodologies therefor, inspection results and methodologies therefor, studies, reports, and all other documents and materials pertaining thereto, including but not limited to interoffice and intracorporate memoranda and correspondence, concerning consideration of any safety devices for and/or related to the product's and/or model type product's capacity to protect users from injuries caused by the blade, including but not limited to guarding devices.

32. Copies of any and all correspondence and other such communications received by or on behalf of the defendant requesting additions or modifications for safety reasons of the product's ability to protect users from injuries caused by the blade.

33. Copies of any and all complaints, correspondence, and all such communications sent to the defendant or anyone acting on its behalf concerning personal injury, property damage or death allegedly associated with the blade of the model type product.

34. Copies of any and all documents and materials, including but not limited to change requests, change order sheets, interoffice and intracorporate memoranda and correspondence, concerning changes and modifications made for safety reasons relating the model type product's ability to protect users from injuries caused by the blade.

35. All policies of insurance or indemnity, including excess, umbrella or any other type of indemnity and/or insurance policies, covering Defendant's potential liability.

36. If any of said insurance/indemnity policy are "aggregate" insurance or indemnity policies, then Defendant shall furnish a list of all payments made to date under each such aggregate insurance indemnity policy and furnish the names and addresses of all claimants and the names and addresses of such claimants' attorneys on all claims still pending.

37. To the extent not otherwise specified, general assembly drawings of the product.

38. To the extent not otherwise specified, any and all videotapes of the product and/or model product.

39. To the extent not otherwise specified, insurance file for this case.

40. Copies of any and all depositions of Defendant's personnel who have testified concerning the product's ability to protect users from injuries caused by the blade, including guarding devices, controls, sensors or other safety devices.

41. Any and all documents, including but not limited to, agendas, minutes, action plans, reports and memoranda, reflecting activities of Defendant's Product Safety Committee (or comparable group) in any way addressing protection of the product's users from injuries caused by the blade.

42. Any and all documents, including but not limited to, agendas, minutes, action plans, reports, memoranda, statistical compilations, accident reports, incorporating and/or reflecting claims of injuries caused by the blade on the model type product.

43. A full and complete copy of log(s) of test reports, field test reports and engineering test reports on Pro-Tech Model 7208-Type II 10 inch compound miter saws.

44. All test reports, field test reports and engineering test reports on Pro-Tech Model 7208-Type II 10 inch compound miter saws.

45. Any safety and/or product design committee notes regarding the model product.

46. All patents and licenses associated with the model type product.

7

47. All agreements between Defendant and Defendant Pro-Tech concerning the manufacture, supply, sale, distribution or any other type of exchange of the model type product and any component parts thereof.


48. All agreements between Defendant and the Consumer Product Safety Commission or other regulatory authority concerning the model type product. Any reports or notices of injury from any regulatory authority concerning the model product or similar product sold by Defendant.


GALFAND BERGER, LLP

BY:                        
ARTHUR L. BUGAY, ESQUIRE
Attorney for Plaintiff
Identification No.: 62251
1818 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 665-1600

8

## **CERTIFICATE OF SERVICE**

I, ARTHUR L. BUGAY, do hereby certify that service of a true and correct copy of the within

Plaintiff(s) Request for Production of Documents Directed to Defendant Pro-Tech Power, Inc. was

made on May 23, 2005 to counsel listed below, by United States Mail, postage pre-paid.

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

GALFAND BERGER, LLP

BY:

ARTHUR L. BUGAY, ESQUIRE
Attorney for Plaintiffs

IN THE UNITED STATES **DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD A. OESCHLE and | : | CIVIL ACTION |
| MARYANN T. OESCHLE | : | NO. 03-CV-6875-RBS |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| PRO-TECH POWER, INC. And P&F | : | |
| BROTHER INDUSTRIAL | : | |
| CORP. | : | |
| | : | |
| Defendants | : | |
| | : | |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUEST FOR**
**PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT**
**P&F BROTHER INDUSTRIAL CORPORATION**

Pursuant to the applicable Rules of Civil Procedure, Plaintiff(s) hereby propound to Defendant P&F Brother Industrial Corporation the following Interrogatories to be answered under oath. These Interrogatories shall be deemed continuing so as to require the filing of prompt supplemental Answers if the Defendant obtains further relevant information between the, time the Answers are served and the time of trial. Each Interrogatory is to be answered separately and as completely as possible.

<u>INSTRUCTIONS</u>

These interrogatories are continuing in nature and any information secured after you answer these interrogatories, which should have been included with your answers at the time they were given, shall be promptly supplied by filing supplemental responses to the interrogatories. These interrogatories seek all information possessed by you or anyone acting on your behalf.

If you or your attorney have any objections to these interrogatories, these objections

should be stated completely in the space provided. If any form of privilege or other protection from disclosure is claimed as a ground for withholding requested information, set forth each and every fact or basis upon which you claim your privilege, with sufficient specificity to permit the Court to make a valid determination as to whether the claim of privilege is valid.

If you object to an interrogatory because you claim that it is unreasonably broad, overbroad, outside the scope of discovery, or for other related reasons, you are instructed to respond to the interrogatory as narrowed to conform to your objection within the period allowed

for this response.

## FR NITIONS

A. The term "the product" as used hereinafter in these Interrogatories shall mean the product which Plaintiff claims allegedly caused injury to Plaintiff and believed to be a Pro-Tech Model 7208-Type II 10 inch compound miter saw, serial No. 9911P1452 or as described in Plaintiffs' complaint.

B. The term "similar products" as used hereinafter in these Interrogatories shall mean products other than "the products which are essentially and substantially similar to the product" with regard to design specifications, material composition, make and model and which were either designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained or in any way handled by the Defendant.

C. The term "comparable products" as used hereinafter in these Interrogatories shall mean products other than "the product" or "similar products" which have likeness as to design, specifications, dimensions or material composition or have the same general uses as "the product" or "similar products."

D. The term "model type product" or "model type" as used hereinafter in these Interrogatories shall mean "the product," and/or products of the same model or model line or model type.

E. "You" and "your" include those individual(s) acting on your behalf.

F. The word "identify" as used in reference to individual(s) means to set forth his or her full name, his or her present or last known business or home address and his or her position and title, if employed by Defendant and his or her race or sex.

G. The word "identify" as used in connection with a "document" or "documents" means to state the following:

2

(a)     The date;

(b)     the identity of its author(s);

(c)     the identity of the individual(s) to whom it was addressed;

(d)     the format of the document(s);

(e)     the title;

(f)     the number of pages;

(g)     the identity of the individual(s) known or believed to have custody of each copy of the documents having notations unique to such copy; and

(h)     a detailed description of the substance of the document.

H. The words "you" or "your company" mean the corporate Defendant separately answering these Interrogatories, its parent(s), its merged, consolidated, or acquired predecessors, former officers, directors, agents, employees and all other persons acting or purporting to act on behalf of the corporate Defendant or its predecessors, subsidiaries and/or affiliates. "Predecessor(s)" means any business, firm, whether or not incorporated, which had all or some of its assets purchased by you or came to be acquired by you whether by merger, consolidation or otherwise. "Successor(s)" means any business firm, whether or not incorporated, which purchased all or some of your assets or which acquired you or any of your predecessors, whether by merger, consolidation or otherwise.

I. The term "document" shall mean every writing or record of any type and description that is or has been in the possession, control and/or custody of the Defendant or of which the Defendant has knowledge of, including, but not limited to, all operation, parts, service manuals, blueprints, service reports, publications, surveys, minutes or statistical compilations and every similar document however denominated by the Defendant. This term shall also include any photographic, filmed and computer-based matter.

## INTERROGATORIES AND DOCUMENT REQUESTS

Produce all prior testimony of Defendants' employees, officers or directors relating in any way to the design, manufacture or sale of products sold by Defendant Pro-Tech Power, Inc.

2.      Produce all designs, blueprints or other materials pertaining to the subject product.

3.      Produce all written or testimonial discovery provided in Black & Decker (US) v. P&F Industrial Corp., 26 F.Supp. 2d 834 (E.D. Va. 1998).

3

4.    Identify Defendant's present and former (a) Officers; (b) Shareholders; (c) Directors.

5.    Identify any present or former employees who are or have been present or former employees of Defendant Pro-Tech Power.

6.    Identify any trademarks or logos that Defendant uses or is licensed (expressly or tacitly) to use.

7.    Identify the quantity of products, by type, sold to Defendant Pro Tech Power by year, from 1999 to the present.

8.    Identify and produce copies of all materials provided or supplied by Defendant Pro Tech Power with regard to the manufacture or design of any product sold or supplied by Defendant or any related entity or person to Pro-Tech Power.

9.    Identify any related corporate or other business entities or associations.

10.   State what position or positions the following persons have at P&F Brother, presently, formerly or prospectively: (a) Paul Chang; (b) Freddie Chang; (c) Gary Chang.

11.   Identify any and all power tool sellers for whom Defendant manufacturers, assembles or supplies products or components for power tools.

12.   Identify the persons who are most knowledgeable with regard to Defendants' trade relationship with Defendant Pro Tech Power.

13.   Produce any and all sales receipts for products sold to Defendant Pro Tech Power from 1999 to the present.

14.   Produce copies of any and all sales contracts, licenses and other agreements between Defendant and Defendant Pro Tech Power, Paul Chang and Freddie Chang.


GALFAND BERGER, LLP


BY:        _____
           ARTUR L. BUGAY, ES
           Attorney for Plaintiffs
           Identification No.: 62251
           1818 Market Street, Suite 2300
           Philadelphia, PA 19103
           (215) 665-1600


4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. OESCHLE and                    CIVIL ACTION
MARYANN T. OESCHLE                        NO. 03-CV-6875-RB'

          Plaintiffs                   :
                          :
          vs.                          :
                          :
PRO-TECH POWER, INC.                      :
        And                          :
P&F BROTHER INDUSTRIAL CORD.              :
                          :
          Defendants                   :

### CERTIFICATE OF SERVICE

     I, ARTHUR L. BUGAY, do hereby certify that service of a true and correct copy of the within

Plaintiffs) Interrogatories Directed to Defendant P&F Brother Industrial. was made on June 2, 2005 to

counsel listed below, by United States Mail, postage pre-paid.

James M. Brogan, Esquire
Matthew A. Goldberg, Esquire
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103


               GALFAND BERGER, LLP


BY:                                                                    
           ARTHUR L. BUGAY, SQUIB  E
           Attorney for Plaintiffs

           Identification No.: 62251
           1818 Market Street, Suite 2300
           Philadelphia, PA 19103
           (215) 665-1600